UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gale M. Lyons *(aka Gail Lyons, Gale Malissa Lyons)*, | ) | C/A No. 8:06-1335-MBS-JRM |
| Plaintiff, | ) | |
| vs. | ) | Report and Recommendation |
| Geraldine Faust, | ) | |
| Defendant(s). | ) | |

Plaintiff, a resident and citizen of the County of Richland, State of South Carolina, has filed this matter against Geraldine Faust, who was a witness in a case against the plaintiff in 2003. According to the complaint, the defendant is a resident and citizen of the County of Richmond, State of Georgia. Plaintiff alleges this court has jurisdiction over this matter pursuant to "28 U.S.C. § 1343, 28 U.S.C. § 2680, 42 U.S.C. § 1983, 42 U.S.C. § 1988, 18 U.S.C. § 1510(a), 18 U.S.C. § 1515 (2)(3)(a-e)(5)(a-c)(6)(b), and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution." She also claims that venue is proper in this District, in the Greenwood Division, because although "the Defendant lives in a different state than the Plaintiff.....the incident....occurred in South Carolina." See Complaint @ 1.

Plaintiff alleges that the defendant made "false sworn statements" to Edgefield County Police officers. According to the plaintiff she was indicted in May of 2003, based on these false statements. Plaintiff further alleges that the defendant conspired with the plaintiff's former spouse to violate her Constitutional rights through false arrest, perjury and malicious prosecution.

Plaintiff also maintains that these false statements harmed her physically. Plaintiff states she was taken to the hospital on two occasions as a result of the defendant's actions, resulting in permanent damage to her heart and her hands. The plaintiff claims the defendant's acts caused the

plaintiff emotional distress. She seeks $1,000,000.00 in damages.

This is not the first case plaintiff has filed regarding her indictment in 2003. A review of this Court's records reveal that plaintiff has filed two other complaints surrounding those events. The first was a suit against her former husband, alleging many of the same allegations that have been raised in the above-captioned matter. *See* Lyons v. Lyons, Civil Action No. 3:05-2291-MBS-JRM (D.S.C. 2005). The second suit, which is currently pending, was filed against police officers who were involved in her arrest for assault and battery with intent to kill. *See* Lyons v. Edgefield County Police, *et. al.*, Civil Action No. 8:05-2503-MBS-JRM. Plaintiff was apparently acquitted of those charges. *See* State v. Lyons, 2003-GS-19-0288. This Court may take judicial notice of its own files and records. *See* Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's

allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

Plaintiff alleges there is jurisdiction to hear her claim pursuant to 28 U.S.C. § 2680. This is a portion of the Federal Tort Claims Act, specifically the tort claims procedure found in Chapter 171 of that Act. A suit under the Federal Tort Claims Act (FTCA) lies only against the United States. *See* Myers and Myers, Inc. v. United States Postal Service, 527 F.2d 1252, 1256 (2nd Cir. 1975). Consequently, the Plaintiff cannot rely on 28 U.S.C. § 2680 as a basis for jurisdiction in a suit filed against the defendant in federal court.

Plaintiff also alleges this court has jurisdiction to hear her case pursuant to 28 U.S. C. 1343, 42 U.S.C. § 1983 and 42 U.S.C. § 1988. These are federal civil rights statutes. In order to assert a claim under a civil rights statute, the Plaintiff must show that the defendant acted under color of state law. The United States Court of Appeals for the Fourth Circuit has ruled that private corporations, individuals, or entities, generally, do not act under color of state law. Lugar v. Edmondson Oil Co., 639 F.2d 1058, 1062-1069 (4th Cir. 1981), *affirmed in part and reversed in part* [on other grounds], 457 U.S. 922 (1982).

As for plaintiff's assertion that this Court has jurisdiction under Title 18 of the United States Code, a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person. *See* Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). *See also* Collins v. Palczewski, 841 F. Supp. 333, 340 (D.Nev. 1993)("Long ago the courts of these United

States established that 'criminal statutes cannot be enforced by civil actions.'").  Secondly, since the plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person, the plaintiff lacks standing to raise such a claim.  Linda R.S. v. Richard D., *supra*, 410 U.S. at 619.

Closely on point is Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981), which arose in South Carolina.  In Leeke v. Timmerman, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards.  The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants.  In Leeke v. Timmerman, the Supreme Court of the United States reiterated its earlier holding in Linda R.S. v. Richard D., *supra*, and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons.  Leeke v. Timmerman, *supra*, 454 U.S. at 86-87.  Moreover, in its opinion in Leeke v. Timmerman, the Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina.  *See* Leeke v. Timmerman, *supra*, 454 U.S. at 87 n. 2, *citing* State v. Addison, 2 S.C. 356, 364 (1871).  Furthermore, civil rights statutes do not impose liability for violations of duties of care arising under a state's tort law.  DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-203 (1989).

It is clear that the essential allegations of the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  That is, the complaint does not state a claim cognizable under this Court's "federal question" jurisdiction.  Plaintiff's complaint involves state tort claims.  Generally, such disputes are matters of state law to be heard in the state courts.

### RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See* Denton v.

Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)];  **_The plaintiff's attention is directed to the important notice on the next page._**

 

                                                                                       s/Joseph R. McCrorey
                                                                                       United States Magistrate Judge

Columbia, South Carolina
June 7, 2006

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina  29201
